UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>v.<br><br>THE ZISLIS GROUP INC., a California corporation,<br><br>Defendant. | Case No.: 2:24-cv-00358-MEMF-PD<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS** |

On January 13, 2024, Plaintiff Theresa Brooke, a married woman dealing with her sole and separate claim, filed a Complaint against Defendant The Zislis Group Inc., a California corporation, asserting: (1) a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182–12188[1]; (2) a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 52, *et seq.* ECF No. 1. The Complaint alleges that this Court has jurisdiction over the ADA claim pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, and that the state law claims are brought pursuant to supplemental

---

[1] It appears that the first two causes of action are duplicate claims for violation of the ADA.

1

1  jurisdiction. *Id.* at ¶¶ 3–6. The Complaint also alleges that supplemental jurisdiction is appropriate
2  over the Unruh Act claim pursuant to *Arroyo v. Rosas*.[2]

3        Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute,
4  28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when
5  deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in
6  each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,
7  and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)
8  (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

9        California law sets forth a heightened pleading standard for a limited group of lawsuits
10 brought under the Unruh Act. *See* Cal. Civ. Proc. Code §§ 425.55(a)(2) & (3). The stricter pleading
11 standard requires certain plaintiffs bringing construction-access claims like the one in the instant
12 case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the
13 specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff
14 encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). A "high-frequency
15 litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* Cal. Gov't
16 Code § 70616.5. A "high-frequency litigant" is "a plaintiff who has filed 10 or more complaints
17 alleging a construction-related accessibility violation within the 12-month period immediately
18 preceding the filing of the current complaint alleging a construction-related accessibility violation"
19 *and* "an attorney who has represented as attorney of record 10 or more high-frequency litigant
20 plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing
21 of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code
22 §§ 425.55(b)(1) & (2). High frequency litigants are also required to state: (1) whether the complaint

---

[2] Although no citation is included for this case, the Court interprets this to be referencing *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). However, the Court notes that *Arroyo* actually stands for the proposition that it is proper for a district court to decline supplemental jurisdiction over an Unruh Act claim. *Id.* at 1213 ("The district court did not abuse its discretion in concluding that this extraordinary situation threatens unusually significant damage to federal-state comity and presents 'exceptional circumstances' within the meaning of §1367(c)(4)."). Rather, the Ninth Circuit only held that the district court abused its discretion in denying supplemental jurisdiction after summary judgment, when it had "effectively completed its adjudication of [the] entire case," which is not the situation here. *Id.* at 1205.

is filed by, or on behalf of, a high-frequency litigant; (2) in the case of a high-frequency litigant who is a plaintiff, the number of complaints alleging construction-related accessibility claim filed by the high-frequency litigant during the 12 months prior to filing the instant complaint; (3) the reason the individual was in the geographic area of the defendant's business; and (4) the reason why the individual desired to access the defendant's business." *See id.* § 425.50(a)(4)(A).

In light of the foregoing, the Court orders Brooke to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause:

1. Brooke shall identify the amount of statutory damages Brooke seeks to recover.
2. Brooke and Brooke's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure § 425.55(b)(1) & (2). This includes, but is not limited to:
   a. the number of construction-related accessibility claims filed by Brooke in the twelve months preceding the filing of the present claim; and
   b. the number of construction-related accessibility claims in which Brooke's counsel has represented high-frequency litigant plaintiffs in the twelve months preceding the filing of the present claim.

Brooke shall file a Response to this Order to Show Cause by no later than fourteen days from the date of this order. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: March 1, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

3